Filed 4/14/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re Y.A., a Person Coming Under the Juvenile Court Law. | |
| | D068405 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J232760) |
| v. | |
| Y.A., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Aaron H. Katz, Judge. Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013 and 2014, Y.A. (Minor) had two petitions filed against her alleging offenses for unrelated incidents. For each petition, she was adjudged a ward of the juvenile court under Welfare and Institutions Code section 602[1] and placed on probation. Minor satisfactorily completed the terms of probation for only the offense alleged in the later-filed petition, which was then dismissed and all records pertaining to it sealed. Records relating to the prior petition were not sealed. The issue in this appeal is whether, under section 786,[2] a juvenile court may seal the records pertaining to a prior petition against a minor when the minor has only satisfactorily completed probation for an offense alleged in a later-filed petition. Based on the plain language of the statute, we conclude it may not. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Petition No. 1: G3203*

In April 2013, Minor was adjudged a ward of the juvenile court after admitting to delaying a police officer in violation of Penal Code section 148, subdivision (a)(1). The juvenile court placed Minor with her parents, subject to supervision by a probation officer. She was ordered to obey all federal, state, county, and city laws. In October 2013, Minor admitted to violating the terms of her probation; she had repeatedly used

---

[1]   Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2]   Subsequent unspecified references to section 786 are to the version effective January 1, 2015, to December 31, 2015. (Stats. 2014, ch. 249, § 2, p. 2506.)

marijuana and had unexcused absences from school. In November 2013, the court ordered her detained in juvenile hall pending completion of a rehabilitation program.

2. *Petition No. 2: G5989*

In February 2014, a new petition (G5989) was filed against Minor, relating to a January 2014 incident at her school. She admitted to one count alleged in the new petition, a felony offense of resisting an officer by use of force (Pen. Code, § 69). The juvenile court continued Minor's wardship, committed her to the Breaking Cycles program for a maximum term of 240 days, and placed her under the supervision of a probation officer. In April 2015, Minor admitted to violating her probation terms by drinking alcohol, but then made progress in a substance abuse counseling program.

In May 2015, Minor's probation officer recommended that wardship be terminated and requested the records for G5989 be sealed, noting Minor's satisfactory compliance with her probation terms. At a hearing, the deputy district attorney stated Minor had "pick[ed] up a new petition" while she was still on probation for a prior offense (G3203), but agreed she had recently been doing well. The People's position on the issue of terminating jurisdiction was "without comment." The juvenile court terminated jurisdiction, found Minor had satisfactorily completed the terms and conditions of probation on her Penal Code section 69 offense, ordered that "[t]he arrest upon which G5989 is based is deemed never to have occurred," and sealed all records relating to her second petition.

Minor timely appealed on the ground that records pertaining to her prior petition should have also been sealed.

3

DISCUSSION

Section 786 provides in pertinent part: "*If* the minor satisfactorily completes . . . a term of probation for any offense not listed in subdivision (b) of Section 707, the court shall order the petition dismissed, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. The court shall order sealed all records pertaining to *that dismissed petition* in the custody of the juvenile court. . . ." (Italics added.) It is undisputed that Minor's offenses are not listed in section 707, subdivision (b).

Minor contends the juvenile court misinterpreted section 786 and erred by not sealing her prior petition. She argues the Legislature intended for minors to have their entire juvenile record sealed by satisfactorily completing probation for the offense alleged in the most recently filed petition.

"In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.] In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent. [Citation.] If the statutory language is clear and unambiguous, the plain meaning of the statute governs." (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056.) In other words, if there is "no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said," and it is not necessary to "resort to legislative history to determine the statute's true meaning." (*People v. Cochran* (2002) 28 Cal.4th 396, 400-401.)

We conclude the juvenile court did not err. When the sealing order was issued, the unambiguous language of section 786 required the court to seal records pertaining to the "dismissed petition" based upon first finding Minor had satisfactorily completed

4

probation for an offense alleged in the petition. Nowhere in the statute is there any reference to a *prior* petition. The court found Minor had satisfactorily completed probation for the offense alleged in G5989, dismissed that petition, and accordingly sealed the records relating to it. Conversely, the court did not address whether she satisfactorily completed probation for the offense alleged in the prior petition filed against her.

Minor has not cited, and we are unaware of, any controlling or persuasive authority supporting the conclusion that section 786 required or permitted the juvenile court to seal records relating to a prior petition for which no finding was made regarding satisfactory probation completion. We are not convinced by Minor's contention that the statute should be interpreted to require a juvenile court to seal a minor's entire juvenile record. Doing so would compel us to include language omitted from the statute in violation of "the cardinal rule that courts may not add provisions to a statute or rewrite it to conform to an assumed intent that does not appear from its plain language." (*People v. Connor* (2004) 115 Cal.App.4th 669, 692.) We presume the Legislature meant what it said in section 786 and need not look to the legislative history.

Minor argues the trial court's interpretation of the statute yields convoluted and/or absurd results. She contends the Legislature intended to streamline the sealing process for minors, yet now only a portion of her juvenile record is sealed and minors like her will have to "remember" to request sealing of the remaining portion at a later date.

As we have indicated, the plain language of section 786 does not support the proposition that it was intended to be a panacea for all sealing issues. Moreover, as the

5

People point out, the Legislature may very well have intended to reward a minor with automatic sealing only if he or she satisfactorily completed probation for each offense—and not merely the last offense alleged in the most recently filed petition while the minor was still a ward of the court.  By satisfactorily completing probation for each offense, the sealing process *is* streamlined.  Otherwise, a person's ability to request sealing of juvenile records at a later date remains intact.  (See § 781; Cal. Rules of Court, rule 5.830.)  This is not an extreme case in which it is appropriate to disregard unambiguous statutory language.  (*Gorham Co., Inc. v. First Financial Ins. Co.* (2006) 139 Cal.App.4th 1532, 1543-1544 [courts should disregard unambiguous language "only in 'extreme cases'—those in which, as a matter of law, the Legislature did not intend the statute to have its literal effect"].)

After Minor's case was terminated, section 786 was amended, underscoring the Legislature's ability to add provisions or rewrite statutes to achieve a desired result.[3]  Of course, a "new or amended statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively."  (*People v. Ledesma* (2006) 39 Cal.4th 641, 664.)  There is no expression of any intent that the amended version of section 786 operate retroactively, nor would it be of assistance to Minor.  The amended version contains a new provision regarding what "satisfactory completion" of probation

---

[3]     Effective January 1, 2016, subdivision (e)(1) of section 786 provides:  "The court may, in making its order to seal the record and dismiss the instant petition pursuant to this section, include an order to seal a record relating to, or to dismiss, any prior petition or petitions that have been filed or sustained against the individual and that appear to the satisfaction of the court to meet the sealing and dismissal criteria otherwise described in this section."  (Stats. 2015, ch. 368, § 1, p. 3442.)

entails.  (§ 786, subd. (c)(1).)  There is nothing in the record to suggest that Minor

satisfactorily completed probation on the offense alleged in her prior petition.

DISPOSITION

The judgment is affirmed.


HALLER, Acting P. J.

WE CONCUR:


McDONALD, J.


IRION, J.