Filed 5/18/16  In re Aldo R. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re ALDO R., a Person Coming Under the Juvenile Court Law. | D069176 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J234348) |
| v. | |
| ALDO R., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Browder A. Willis III, Judge.  Affirmed.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2013 and 2014, the district attorney filed three separate petitions against Aldo R. (Minor) alleging offenses for unrelated incidents; the alleged offenses in the last two

petitions occurred while Minor was on probation for his prior offense(s).  The first petition (G5284) alleges that he battered his girlfriend in violation of Penal Code section 243, subdivision (e)(1), which Minor admitted.  The court declared his wardship and placed him on probation.

The second petition (G5673) alleges that Minor violated a protective order over his girlfriend (Pen. Code, § 273.6, subd. (a)), which he again admitted.  The court continued his wardship and placed him on probation.

The third petition (G5856) alleges that Minor burglarized a grocery store, classified at the time as a felony (Pen. Code, § 459), which he also admitted.  The court continued his wardship, placed him on probation, committed him to the Short Term Offender Program (STOP) for a period not to exceed 90 days, and after Minor violated his probation terms, additionally committed him to Camp Barrett for a period not to exceed 365 days.

In late 2014, Minor petitioned the court to reduce his felony burglary offense to a misdemeanor under Proposition 47, and relatedly, requested DNA expungement.  The People opposed his request for DNA expungement.  Although the court reclassified his felony offense as a misdemeanor, it did not rule on his request for DNA expungement.  Instead, the court joined his case with another case for Proposition 47-related writ

proceedings (*Alejandro N.*)[1] and ordered that the resolution of *Alejandro N.* would "also apply to [Minor's] case."

At Minor's September 2015 annual review hearing, his probation officer reported that Minor successfully completed his program at Camp Barrett. The court found that Minor satisfactorily completed the terms of probation for the offense alleged in the third petition (G5856), dismissed the petition, sealed all records pertaining to it, and terminated jurisdiction. Minor's counsel did not request (1) sealing for the records pertaining to his first and second petitions or (2) DNA expungement.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible, but not arguable issues. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Minor the opportunity to file his own brief on appeal, but he has not responded.[2]

DISCUSSION

As we have noted, appellate counsel has not identified any reasonably arguable issues for reversal on appeal. Pursuant to *Wende*, *supra*, 25 Cal.3d 436, we have engaged in a review of the record for error. Pursuant to *Anders*, *supra*, 386 U.S. 738, appellate

---

1    *Alejandro N. v. Superior Court of San Diego County* (2015) 238 Cal.App.4th 1209, was filed on July 23, 2015. The minor's petition for writ of mandate in that case raised the issues of Proposition 47's applicability to juvenile offenders as well as the propriety of DNA expungement based on a reclassified misdemeanor. (*Id.* at pp. 1216-1217.)

2    The facts of the underlying offenses are not relevant to the analysis of possible error based on this record. Therefore, we omit the traditional statement of facts.

counsel has identified the following possible, but not arguable issues to assist our review of the record:

1.      Whether the juvenile court erred by not sealing the records of the first and second petitions under the law at the time of the hearing?

2.      Whether the issue of counsel's failure to renew the request to expunge [Minor's] DNA from the state's data bank is properly before this court?

We have reviewed the entire record in accordance with *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, including the issues suggested by counsel, and have not found any reasonably arguable issue for reversal on appeal. The trial court properly limited its sealing order to the third petition, G5856. (*In re Y.A.* (2016) 246 Cal.App.4th 523, 525.) Further, because Minor's counsel did not renew his request for DNA expungement with the trial court, the issue is not properly before us.

Competent counsel has represented Minor in this appeal.

DISPOSITION

The judgment is affirmed.

HALLER, Acting P. J.

WE CONCUR:


McDONALD, J.


IRION, J.

5