Filed 5/18/16  In re Imani T. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re IMANI T., a Person Coming Under the Juvenile Court Law. | D068917 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J234618) |
| v. | |
| IMANI T., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Edlene McKenzie, Commissioner.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christie Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013 and 2014, the district attorney filed two petitions against Imani T. (Minor) for unrelated incidents. For each petition, the juvenile court declared Minor a ward of the court under Welfare and Institutions Code section 602[1] and placed her on probation. In 2015, the court found that Minor satisfactorily completed her terms of probation for the offense alleged in the later-filed petition and sealed the records relating to that petition, but decided it did not have discretion to seal the records relating to her prior petition. Minor contends that section 786[2] permitted the court to seal the records pertaining to her prior petition and the court's findings regarding satisfactory completion of probation necessarily also related to her prior petition. She further contends that the juvenile court should have dismissed her prior petition under section 782. We conclude the court did not err and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Petition No. 1*: *G5654*

On a late night in December 2013, an officer arrested Minor, who appeared intoxicated, on a street corner. She subsequently admitted the offense of possessing an open container of alcohol (Bus. & Prof. Code, § 25662, subd. (a)) as alleged in petition G5654, and the juvenile court declared her wardship. The court placed Minor on

---

[1]     Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2]     Subsequent unspecified references to section 786 are to the version effective January 1, 2015, to December 31, 2015. (Stats. 2014, ch. 249, § 2, p. 2506.)

probation for at least one year, imposed an 8:00 p.m. curfew, and ordered her to obey all federal, state, county, and city laws.

2. *Petition No. 2*: *G6516*

In April 2014, officers contacted Minor at the scene of a robbery and sought to interview her. She falsely identified herself, twice, to the interviewing officer. After the officer discovered her true identity, he learned from Minor's mother that Minor had run away from home the prior week and was engaging in prostitution.

The district attorney filed a new petition (G6516) against Minor. In addition to one count of false identification (Pen. Code, § 148.9, subd. (a)), the petition alleges that she violated the terms of probation on her prior offense and her performance on probation had been unsatisfactory. Minor admitted to the false identification offense, and the juvenile court sustained the petition. The court continued Minor's wardship, placed her on probation, and committed her to the Short Term Offender Program (STOP) for a period not to exceed 90 days.

By her annual review hearing, Minor's probation officer recommended the records for G6516 be sealed, noting her satisfactory compliance with probation terms. Minor additionally moved to dismiss and seal her prior petition, G5654. The juvenile court found Minor had satisfactorily completed the terms and conditions of probation for petition G6516, dismissed it, ordered that "the arrest upon which G6516 is based is deemed never to have occurred[,]" and sealed all records relating to her current petition. The court denied her request to seal G5654. The court distinguished "this case" from Minor's "other case" (her prior petition), commenting that it did not have discretion under

3

section 786 to seal her prior petition.  The court observed that Minor would have to take "one extra step" in the future to request sealing for her prior petition, and terminated its jurisdiction.

Minor timely appealed the order denying her request to seal the records pertaining to her prior petition (G5654).

DISCUSSION

I.      *Section 786*

Minor contends that section 786 gave the juvenile court discretion to dismiss and seal her prior petition.  She argues that the court's findings of her satisfactorily completing probation necessarily applied to both the first and second petitions because they were both filed under the same case number and supervision of her probation was combined.

Section 786 provides in pertinent part:  "*If* the minor satisfactorily completes . . . a term of probation for any offense not listed in subdivision (b) of Section 707, the court shall order the petition dismissed, and the arrest upon which the judgment was deferred shall be deemed not to have occurred.  The court shall order sealed all records pertaining to *that dismissed petition* in the custody of the juvenile court. . . ."  (Italics added.)  It is undisputed that Minor's offenses are not listed in section 707, subdivision (b).

"In construing a statute, our role is to ascertain the Legislature's intent so as to effectuate the purpose of the law.  [Citation.]  In determining intent, we must look first to the words of the statute because they are the most reliable indicator of legislative intent.  [Citation.]  If the statutory language is clear and unambiguous, the plain meaning of the

4

statute governs." (*People v. Lopez* (2003) 31 Cal.4th 1051, 1056.) In other words, if there is "no ambiguity or uncertainty in the language, the Legislature is presumed to have meant what it said," and it is not necessary to "resort to legislative history to determine the statute's true meaning." (*People v. Cochran* (2002) 28 Cal.4th 396, 400-401.)

We conclude the juvenile court did not err. When the sealing order was issued, the unambiguous language of section 786 required the court to seal records pertaining to the "dismissed petition" based upon first finding Minor satisfactorily completed probation for an offense alleged in the petition. Under section 786, a juvenile court may not seal the records of a prior petition based merely on a minor's satisfactory completion of probation for an offense alleged in a later-filed petition. (*In re Y.A.* (2016) 246 Cal.App.4th 523, 525.)

Here, the court did not find that Minor satisfactorily completed probation for her prior offense. At Minor's annual review hearing, her probation officer did not request, and the People opposed, the dismissal and sealing of her prior petition. The court was well aware that her performance on probation for both offenses was being supervised together, but it limited its satisfactory completion of probation finding to the false identification offense alleged in G6516, distinguishing "this case" from her "other [open container] case." It noted her progress since completing STOP, which related to her false identification offense.

Moreover, the record does not support that Minor satisfactorily completed probation for her prior offense. While Minor was on probation for her open container offense, she admittedly violated a state law by falsely identifying herself to an

5

investigating officer. At the time she falsely identified herself, she had run away from home. The new incident prompted the district attorney to file a second petition against her, which alleged that her performance on probation up until then had been unsatisfactory.

We are also not convinced by Minor's contention that section 786 gave the juvenile court discretion to seal both her petitions because they were filed under the same case number. Section 786 refers to sealing the records pertaining to a "petition" and only if a minor first satisfactorily completes probation for an offense alleged in the petition; the fact that a petition is filed under the same case number as a prior petition is irrelevant for purposes of sealing under section 786. Finally, as the juvenile court observed, Minor retains the ability to request sealing for her remaining records at a later date. (See § 781; Cal. Rules of Court, rule 5.830.) The court correctly limited its sealing order to Minor's later-filed petition.

II. *Section 782*

Minor next contends that the juvenile court erred by not dismissing her prior petition under section 782. The claim is forfeited because she did not previously seek dismissal of her petition under section 782, and the court did not make relevant findings necessary to preserve the claim for appellate review. (See *In re Greg F.* (2012) 55 Cal.4th 393, 420 [juvenile court's discretionary decision to dismiss under section 782 must be supported by findings that the dismissal is required by the interests of justice and the welfare of the minor].)

6

DISPOSITION

The judgment is affirmed.


                                                        HALLER, Acting P. J.

WE CONCUR:


McDONALD, J.


IRION, J.

7