Filed 7/8/16  In re Alvaro H. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| In re ALVARO H., a Person Coming Under the Juvenile Court Law. | D068537 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J232850) |
| v. | |
| ALVARO H., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

In 2013, the district attorney filed two petitions against Alvaro H. (Minor) for unrelated incidents. For each petition, the juvenile court declared Minor a ward of the court under Welfare and Institutions Code section 602[1] and placed or continued him on probation. In 2015, the court found that Minor satisfactorily completed probation for the offense alleged in the later-filed petition and sealed records relating to the petition, but denied his request to seal records relating to his first petition. Minor contends former section 786[2] required the court to seal the records pertaining to his first petition, or alternatively, the current version of section 786, which became effective on January 1, 2016, while his appeal was pending, should be retroactively applied. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*Petition No. 1*: *G3356*

In February 2013, the district attorney filed a section 602 petition (G3356) against Minor, who admitted to resisting, delaying, or obstructing a police officer (Pen. Code, § 148, subd. (a)(1)) as alleged. The court declared Minor a ward, placed him on probation, committed him to the Short Term Offender Program for a period not to exceed 90 days, and ordered him to obey all federal, state, county, and city laws. About a month later, Minor violated the terms of his probation by running away from home and possessing marijuana. The court detained Minor in juvenile hall and committed him to

---

[1]    Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2]    Subsequent references to "former section 786" are to the version effective January 1, 2015, to December 31, 2015. (Stats. 2014, ch. 249, § 2, p. 2506.)

the Breaking Cycles program for a maximum period of 150 days. Minor was eventually released to his mother for home supervision, but he ran away from home again in August 2013, causing the court to order his apprehension and detention in juvenile hall. The court found that Minor had "been tried on probation while in custody and has failed to reform."

*Petition No. 2*:  *G5058*

Before Minor could be apprehended by officers pursuant to the court's outstanding detention order, he stole a car from a woman's home in September 2013. Officers caught, arrested, and transported him to juvenile hall. Minor admitted a felony offense (Veh. Code, § 10851, subd. (a)) alleged in a new petition filed against him (G5058). The court continued Minor's wardship and probation and committed him to Breaking Cycles for a period not to exceed 240 days. In February 2014, the court committed him to Camp Barrett.

At Minor's annual review hearing in February 2015, the probation department recommended terminating jurisdiction, noting Minor's successful completion of Camp Barrett and subsequent sobriety. The probation officer recommended sealing Minor's records relating to his current petition, G5058. Based on the probation department's recommendations, the court found that Minor had successfully complied with his conditions of probation, dismissed petition G5058, sealed Minor's records relating to G5058, and terminated jurisdiction. The court denied Minor's request to seal the records of his "other open petition," G3356.

3

At an April 2015 special hearing, the court confirmed it was denying Minor's request to seal his first petition based on the language of former section 786. Minor appeals the court's order denying his request.

DISCUSSION

I.     *Former Section 786*

Minor initially contends the juvenile court erred by not sealing the records relating to his first petition under former section 786. According to Minor, he satisfactorily completed probation on his first offense (obstructing an officer) and the trial court was under a mandatory duty to seal those records.

Former section 786 provides in pertinent part: "*If* the minor satisfactorily completes . . . a term of probation for any offense not listed in subdivision (b) of Section 707, the court shall order the petition dismissed, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. The court shall order sealed all records pertaining to *that dismissed petition* in the custody of the juvenile court. . . ." (Italics added.)

When the sealing order was issued, the unambiguous language of former section 786 required the court to seal records pertaining to a petition based upon first finding that the minor satisfactorily completed probation for an offense alleged in the petition. (Former § 786; *In re Y.A.* (2016) 246 Cal.App.4th 523, 526-527 (*Y.A.*).) Former section 786 does not authorize a juvenile court to seal the records of a prior petition based merely on a minor's satisfactorily completing probation for an offense alleged in a later-filed petition. (*Y.A.*, at p. 527 ["Nowhere in the statute is there any reference to a *prior*

4

petition."].)  The fact that a minor's probation terms for offenses alleged in different petitions are combined or jointly supervised is not relevant to the sealing inquiry under section 786.  (See *Y.A.*, at p. 527.)

Based on our review of the record, only Minor's last petition qualified for mandatory sealing under former section 786.  There is nothing in the record to suggest Minor successfully completed probation on his first offense, given his conduct and commission of a new felony offense.  In 2015, Minor's probation officer recommended dismissal and sealing for only his last petition based on the officer's evaluation that Minor had reformed after completing Camp Barrrett.  Because there is no indication Minor satisfactorily completed probation for his first offense, the court had no duty to seal those records.

## II.     *Amended Section 786*

Minor next contends that the records relating to his first petition should be sealed under the current version of section 786, which was amended and became effective on January 1, 2016, after the court terminated jurisdiction over him.  (Stats. 2015, ch. 368, § 1.)  He relies on the rule established by *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) to argue that amended section 786 may be retroactively applied to his case.  We disagree.

We are guided by the well-established rule that a "new or amended statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively."  (*People v. Ledesma* (2006) 39 Cal.4th 641, 664; see *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207 [" '[it] is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly

5

made to appear that such was the legislative intent' "].)

Furthermore, to ascertain the Legislature's intent, "[w]e must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent." (*Green v. State of California* (2007) 42 Cal.4th 254, 260.)

Applying the above principles, amended section 786 does not operate retroactively. The amended statute contains a similar requirement as its former version for sealing records pertaining to a pending petition if the minor satisfactorily completes probation.[3] However, the Legislature added a number of new subdivisions, including subdivision (e)(1), which states in part, "[t]he court may, in making its order to seal the record and dismiss the instant petition pursuant to this section, include an order to seal a record relating to, or to dismiss, any prior petition or petitions that have been filed or sustained . . . ." (§ 786, subd. (e)(1).) There is no legislative indication in the language of amended section 786 that it should be applied in lieu of the relevant law in effect at the time of the court's sealing order, former section 786.

Minor's reliance on the *Estrada* rule is misplaced. *Estrada* teaches that "[w]hen the Legislature amends a statute so as to *lessen the punishment* it has obviously expressly

---

[3] Amended section 786 provides in pertinent part: "If a minor satisfactorily completes . . . a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court . . . ." (§ 786, subd. (a).)

6

determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. . . . This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." (*Estrada*, *supra*, 63 Cal.2d at p. 745, italics added; see also *People v. Brown* (2012) 54 Cal.4th 314, 324 [affirming the *Estrada* rule applies only when a legislative act "mitigate[s] the punishment for a particular criminal offense" based on the inferred legislative intent to impose a lighter penalty].)

Amended section 786 does not impose a punishment or penalty for any offense; it addresses circumstances requiring and permitting a court to seal juvenile records. The statute is not punitive in nature, and accordingly, does not lend itself to the inference discussed in *Estrada* of legislative intent to impose a new, reduced penalty to nonfinal cases. (See § 202, subd. (e) [listing punishments for delinquent minors].) Amended section 786 operates prospectively, providing an incentive for minors to satisfactorily complete probation for offenses alleged in pending (i.e., "instant") petitions. (§ 786, subd. (e)(1).)

In summary, the court properly limited its sealing order to the records of Minor's last petition under former section 786, and amended section 786 does not operate retroactively. Minor is not precluded from petitioning the court to seal his remaining juvenile records under section 781. (See Cal. Rules of Court, rule 5.830.)

DISPOSITION

The order denying Minor's request to seal G3356 is affirmed.

HALLER, Acting P. J.

WE CONCUR:


McDONALD, J.


IRION, J.