Filed 7/12/16  In re T.C. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re T.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,　　　　　　　　　　　　　 Plaintiff and Respondent,　　　　　　　　 v. T.C.,　　　　　　　　　　　　　　　　　 Defendant and Appellant. | D068983 (Super. Ct. No. J235509) |

APPEAL from an order of the Superior Court of San Diego County, Roderick Shelton, Judge.  Affirmed.

Rex A. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr. and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014, the district attorney filed two petitions against T.C. (Minor) for unrelated incidents. For each petition, the juvenile court declared Minor a ward of the court under Welfare and Institutions Code section 602[1] and placed or continued her on probation. In 2015, the court found that Minor satisfactorily completed her terms of probation for the offense alleged in the later-filed petition and sealed the records relating to that petition, but denied her request to seal the records relating to her first petition. Minor contends the court was misinformed about the first petition's status when it denied her request and former section 786[2] required the court to seal the records pertaining to her first petition. We conclude the court did not err and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*Petition No. 1*:  *G6762*

In May 2014, Minor was found driving a stolen vehicle. She subsequently admitted a felony offense (Pen. Code, § 496d) alleged in petition G6762, and the juvenile court declared her a ward. The court placed Minor on probation, imposed a number of conditions relating to her probation, and ordered her to obey all federal, state, county, and city laws.

---

[1]    Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2]    Subsequent unspecified references to "former section 786" are to the version effective January 1, 2015, to December 31, 2015. (Stats. 2014, ch. 249, § 2, p. 2506.)

*Petition No. 2*:  G7823

Several months later while on probation for her prior offense, a campus security officer found Minor carrying a knife on school grounds.  She ran away from the officer before he could detain her in the school's office.  The district attorney filed a new petition (G7823) against Minor.  In addition to one count of possessing a knife on school grounds (Pen. Code, § 626.10, subd. (a)(1)), the petition alleges she violated the terms of probation on her prior offense and her performance on probation had been unsatisfactory.  Minor admitted the knife possession offense, and the court sustained the petition.  The court continued Minor's wardship, placed her on probation, imposed new terms and conditions, and ordered her to complete several classes and community service.

By the September 2015 annual review hearing, Minor's probation officer recommended sealing the records for G7823, noting her satisfactory compliance with probation terms.  The probation officer's report informed the court that Minor had sustained a true finding on her knife possession offense while she was on probation for her prior felony; however, Minor reportedly demonstrated progress in 2015 and earned passing grades in school.  Accepting the probation department's recommendations, the juvenile court found that Minor had satisfactorily completed the terms and conditions of probation for petition G7823, dismissed it, ordered that "the arrest upon which G7823 is based is deemed never to have occurred[,]" sealed all records relating to her current petition, and terminated jurisdiction.

3

*Motion to Dismiss and Seal First Petition*

At an October 2015 hearing, Minor moved to "dismiss and seal petition G6762." Her counsel stated "this is one of those situations where the minor successfully completed probation," recapped the court's dismissal and sealing of Minor's most recent petition, and requested that G6762, which she referred to as Minor's "closed petition," be dismissed and sealed as well. The court responded: "I'm not going to seal that one. They have to file a motion. I only seal the open ones." Counsel then requested "a minute order that reflects the court's denial of my motion."

Minor timely appealed the order denying her motion to seal the records pertaining to her first petition, G6762.

## DISCUSSION

Minor contends the juvenile court erred by not sealing her first petition under former section 786 based on its mistaken impression that the first petition was already dismissed or "closed" by October 2015. She also argues the court's September 2015 finding of her satisfactorily completing probation necessarily applied to both the first and second petitions.

Former section 786 provides in pertinent part: "*If* the minor satisfactorily completes . . . a term of probation for any offense not listed in subdivision (b) of Section 707, the court shall order the petition dismissed, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. The court shall order sealed all records pertaining to *that dismissed petition* in the custody of the juvenile court. . . ." (Italics added.)

4

When the sealing order was issued, the unambiguous language of former section 786 required the court to seal records pertaining to a petition based upon first finding that the minor satisfactorily completed probation for an offense alleged in the petition. (*In re Y.A.* (2016) 246 Cal.App.4th 523, 526-527 (*Y.A.*).) Former section 786 does not authorize a juvenile court to seal the records of a prior petition based merely on a minor's satisfactorily completing probation for an offense alleged in a later-filed petition. (*Y.A.*, at p. 527 ["Nowhere in the statute is there any reference to a *prior* petition."].) The fact that a minor's probation terms for offenses alleged in different petitions are combined or jointly supervised is not relevant to the sealing inquiry under section 786. (See *Y.A.*, at p. 527.)

Based on our review of the record, only Minor's last petition qualified for sealing under former section 786. At Minor's annual review hearing, her probation officer did not request or recommend the dismissal and sealing of her first petition despite summarizing her performance on probation for both offenses. The court accordingly limited its satisfactory completion of probation finding to the knife possession offense alleged in G7823, commending Minor on her improved classwork, which occurred in 2015 after she was continued on probation for her second offense. The court did not find that Minor satisfactorily completed probation for her first offense, and there is nothing in the record to suggest she successfully did so given her sustained second petition.

Minor argues remand is required based on the court's erroneous belief the first petition was already dismissed when it denied her request. We disagree remand is required. Viewed in context, we are satisfied the court did not believe the first petition

5

was already dismissed.  Counsel explicitly and repeatedly stated that she was moving to "*dismiss* and seal" the first petition, which would seemingly refute any notion the petition was already dismissed.  In any event, the record indicates the court decided in September that Minor satisfactorily completed probation for only her last offense, knowing Minor was on probation for two different and unrelated offenses.  Based on the October 2015 colloquy, which occurred after the court terminated jurisdiction, Minor's primary objective was merely to preserve her appellate argument; the court's September finding remained unchanged.

In summary, there is no indication in the record that Minor satisfactorily completed probation for her first offense, and the court correctly declined to seal records relating to her first petition.  Minor retains the ability to request sealing for those records at a later date.  (See § 781; Cal. Rules of Court, rule 5.830.)

## DISPOSITION

The order denying Minor's motion to seal G6762 is affirmed.


HALLER, Acting P. J.

WE CONCUR:

McDONALD, J.

IRION, J.

6