Filed 8/11/16  In re Luis P. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re LUIS P., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | D068999 |
| Plaintiff and Respondent, | (Super. Ct. No. J231834) |
| v. | |
| LUIS P., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Roderick W. Shelton, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Theodore M. Cropley and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

In 2012, the district attorney filed a petition against Luis P. (Minor), which was dismissed in 2013 after he completed an informal program of supervision. In 2014, the district attorney filed a new petition against Minor for an unrelated incident. As to the new petition, the juvenile court declared him a ward under Welfare and Institutions Code section 602[1] and placed him on probation. In 2015, the court found that Minor satisfactorily completed the terms of probation for his latest offense and sealed the records relating to it, but denied his request to seal the records relating to his first, previously dismissed, petition. Minor contends the court erred by not sealing the records pertaining to his prior dismissed petition under former section 786, or alternatively, the current version of section 786 should be retroactively applied.[2] We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### *Petition No. 1*: *G1907*

In 2012, the district attorney filed petition G1907 against Minor, alleging he unlawfully possessed a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). The juvenile court ordered Minor to participate in an informal program of supervision under section 654.2. In 2013, the court found that he

---

[1] Subsequent unspecified statutory references are to the Welfare and Institutions Code.

[2] Subsequent unspecified references to "former section 786" are to the version effective January 1, 2015, to December 31, 2015. (Stats. 2014, ch. 249, § 2.) Amendments to the statute became effective on January 1, 2016. (Stats. 2015, ch. 368, § 1.)

had substantially complied with the terms of his informal program and dismissed the petition.

*Petition No. 2*:  *G7111*

In July 2014, the district attorney filed a new petition, G7111, against Minor, alleging an offense of petty theft (Pen. Code, § 484).  Minor admitted the offense, the court declared him a ward, and placed him on probation.  In October 2015, the court found that Minor had satisfactorily completed probation, dismissed petition G7111, sealed the records relating to it, and terminated jurisdiction.

At the October review hearing, Minor also moved to seal the records of his first, previously dismissed, petition (G1907).  His counsel stated that sealing the first petition was "[c]ertainly . . . not the mandatory law at this point in time" and relevant amendments to section 786 would "go into effect January of next year," but urged sealing based on the "spirit of the rule."  The court denied Minor's motion to seal his first petition.  He timely appealed the court's order denying his motion.

DISCUSSION

I.  *Former Section 786*

Despite making certain concessions below, Minor still contends on appeal that his first petition should have been sealed under former section 786.  The People respond that his first petition could not be sealed under former section 786 because the petition was dismissed in 2013, prior to the statute's effective date.  We agree with the People.

We are guided by the well-established rule that a "statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively."

3

(*People v. Ledesma* (2006) 39 Cal.4th 641, 664; see *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207 [" '[it] is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent' "].)

Furthermore, to ascertain the Legislature's intent, "[w]e must look to the statute's words and give them their usual and ordinary meaning. [Citation.] The statute's plain meaning controls the court's interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent." (*Green v. State of California* (2007) 42 Cal.4th 254, 260.)

Applying the above principles, we conclude the juvenile court did not err because it could not apply former section 786 to seal a previously dismissed petition. Former section 786 became effective on January 1, 2015, and provided in pertinent part:

> "If the minor satisfactorily completes (a) an informal program of supervision pursuant to Section 654.2, . . . or (c) a term of probation for any offense not listed in subdivision (b) of Section 707, the court *shall order the petition dismissed*, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. The court *shall order sealed all records pertaining to that dismissed petition* in the custody of the juvenile court . . . ." (Italics added.)

Former section 786 did not contain any language permitting a court to seal records pertaining to a petition dismissed prior to the statute's effective date, and instead, the plain and unambiguous language described dismissal and sealing together, prospectively. Minor fails to identify any ambiguous or uncertain statutory language.

Contrary to Minor's position, the Legislature has not expressed an intent for the

4

automatic sealing provisions of former section 786 to apply to previously dismissed petitions. (See *In re Y.A.* (2016) 246 Cal.App.4th 523, 527 (*Y.A.*) ["[T]he plain language of former section 786 did not support the proposition that it was intended to be a panacea for all sealing issues."].) Courts may not interpret a statute in a way that effectively adds provisions or rewrites it to conform to an assumed intent that does not appear from its plain language. (*People v. Connor* (2004) 115 Cal.App.4th 669, 692.) Before and after the enactment of former section 786, section 781 has provided a method for individuals to petition the court to seal their juvenile records. (See *In re G.Y.* (2015) 234 Cal.App.4th 1196, 1200 ["The right to have juvenile records sealed is governed by section 781."]; Cal. Rules of Court, rule 5.830.) The juvenile court did not misconstrue the scope of former section 786.

## II.     *Amended Section 786*

Turning to Minor's primary argument on appeal, he contends the records relating to his first petition should be sealed under the current version of section 786, which became effective on January 1, 2016, after the court terminated jurisdiction over him. He relies on *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), to support the contention that amended section 786 may be retroactively applied and argues *Y.A., supra*, 246 Cal.App.4th at page 527, is distinguishable because the minor in *Y.A.* did not successfully complete probation for her first petition while he successfully completed an informal program of supervision.

Based on its plain language, amended section 786 does not operate retroactively. The amended statute contains a similar requirement as its former version for sealing

5

records pertaining to a pending petition if the minor satisfactorily completes probation.[3] However, the Legislature added a number of new subdivisions, including subdivision (e)(1), which states in part, "[t]he court may, in making its order to seal the record and dismiss the instant petition pursuant to this section, include an order to seal a record relating to, or to dismiss, any prior petition or petitions that have been filed or sustained . . . ." (§ 786, subd. (e)(1).) There is no legislative indication in the language of amended section 786 that it should be applied in lieu of the relevant law in effect at the time of the court's sealing order, former section 786.

*Estrada* does not support Minor's position. *Estrada* teaches that "[w]hen the Legislature amends a statute so as to *lessen the punishment* it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. . . . This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." (*Estrada, supra*, 63 Cal.2d at p. 745, italics added; *People v. Brown* (2012) 54 Cal.4th 314, 324-325 (*Brown*) [affirming the *Estrada* rule applies only when a legislative act "mitigate[s] the punishment for a particular criminal offense" based on the inferred legislative intent to impose a lighter penalty].)

Amended section 786 does not impose a punishment or penalty for any offense; it

---

[3]    Amended section 786 provides in pertinent part: "If the minor satisfactorily completes . . . a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court . . . ." (§ 786, subd. (a).)

addresses circumstances requiring and permitting a court to seal juvenile records. The statute is not punitive in nature, and accordingly, does not lend itself to the inference discussed in *Estrada* of legislative intent to impose a reduced penalty to nonfinal cases. (See § 202, subd. (e) [listing punishments for delinquent minors].) Amended section 786 operates prospectively, providing an incentive for minors to satisfactorily complete probation for offenses alleged in pending (i.e., "instant") petitions. (§ 786, subd. (e)(1).)

Furthermore, although Minor accurately relates a factual distinction between his case and the minor in *Y.A., supra*, 246 Cal.App.4th at page 527—a successful versus unsuccessful completion of supervision/probation—the distinction is of no significance to our legal analysis regarding retroactivity. As we have discussed, the Legislature has not indicated that amended section 786 was intended to operate retroactively in lieu of former section 786. (Cf. *Brown, supra*, 54 Cal.4th at p. 325 [statute that increased rate at which prisoners earned credit for good behavior was not intended to operate retroactively and it provided increased incentives for future good behavior].)

In summary, the court properly limited its sealing order to the records of Minor's last petition under former section 786, and amended section 786 does not operate retroactively. Minor retains the ability to petition the court to seal his remaining juvenile records under section 781. (§ 781; Cal. Rules of Court, rule 5.830.)

DISPOSITION

The order denying Minor's motion to seal petition number G1907 is affirmed.

HALLER, Acting P. J.

WE CONCUR:


McDONALD, J.

IRION, J.

8