Filed: 7/31/17 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re I.F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> I.F., <br><br>     Defendant and Appellant. | A146979, A146980 <br><br> (Marin County Super. Ct. Nos. JV25561A-I, CIV1501532) <br><br> **ORDER MODIFYING OPINION AND DENYING REHEARING, NO CHANGE IN JUDGMENT** |

**THE COURT:**

It is ordered that the opinion filed herein on June 29, 2017, and reported in the Official Reports (13 Cal.App.5th 64; 2017 Cal. App. LEXIS 595) be modified in the following particulars.

    1. On page 10 of the opinion, add footnote 6 to the end of the sentence shown below:

"Thus, by enacting section 786, the legislature eliminated the requirement of satisfactory rehabilitation and instead mandated *automatic sealing* of a juvenile's records so long as the juvenile completed probation for a non-section 707, subdivision (b) offense—to wit, statutory requirements defendant has undisputedly met.**6** (See *In re Y.A.*, *supra,* 246 Cal.App.4th at pp. 526-527.)"

_____

6.    In petitioning for rehearing in this matter, the People insist that "Section 786 did not supplant, modify, or amend Section 781," but, rather, "the two sealing procedures coexist. [Citations.] . . . Thus, the Court's conclusion that section 786's provisions apply

in appellant's section 781 proceeding is contrary to the separate functions of those distinct statutory provisions."  The People's argument, we conclude, misses the mark.  As defendant appropriately responds:  "Although sections 781 and 782 cover [a variety of] situations not addressed by section 786, the streamlined procedures of section 786 apply in all cases where a juvenile has satisfactorily completed probation.  'A more specific statute controls over a more general one.'  (*Lake v. Reed* (1997) 16 Cal.4th 448, 464.)"

2. On page 10 of the opinion, add the two paragraphs set forth below after the last sentence of the first paragraph, which reads as follows:

"Thus, by enacting section 786, the legislature eliminated the requirement of satisfactory rehabilitation and instead mandated *automatic sealing* of a juvenile's records so long as the juvenile completed probation for a non-section 707, subdivision (b) offense—to wit, statutory requirements defendant has undisputedly met.  (See *In re Y.A.*, *supra,* 246 Cal.App.4th at pp. 526-527.)"

As our colleagues in Division One of this Appellate District recently explained: "Section 786 was added to the Welfare and Institutions Code in 2014 by Senate Bill No. 1038 (2013–2014 Reg. Sess.). (Stats. 2014, ch. 249, § 2.) According to the Legislative Counsel's Digest, in contrast to existing law, Senate Bill No. 1038 'would additionally *require* the juvenile court to order the petition of a minor who is subject to the jurisdiction of the court dismissed if the minor *satisfactorily completes a term of probation*, as specified' and 'would require the court to seal all records in the custody of the juvenile court pertaining to that dismissed petition or a petition dismissed upon satisfactory completion of a program of supervision.' (Legis. Counsel's Dig., Sen. Bill No. 1038 (2013–2014 Reg. Sess.), italics added.) [Fn. Omitted.] As the bill analysis of Senate Bill No. 1038 described it, the bill provided for the 'automatic dismissal' of juvenile petitions and the sealing of records if the person 'satisfactorily completes' an informal program of supervision or probation. (Sen. Rules Com., Off. of Sen. Floor Analyses, Rep. on Sen. Bill No. 1038 (2013–2014 Reg. Sess.) as amended June 4, 2014, pp. 1–2.)

"According to the bill analysis, Senate Bill No. 1038 (2013–2014 Reg. Sess.) was enacted to address a 'serious shortcoming of our juvenile justice system.' (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1038 (2013–2014 Reg. Sess.) as amended Mar. 28, 2014, p. 7.) Because existing procedures under current law required the participation of the probation department, the district attorney, and the court, the process for sealing juvenile records often involved 'lengthy delays as well as significant costs . . . .' (*Ibid.*) In addition, 'many youth are unaware of their right to seal their juvenile record, or are unable to complete the process due to procedural, logistical or financial barriers.' (*Ibid.*) Senate Bill No. 1038 sought to remedy the problem by 'streamlining the process for sealing a juvenile's record . . . .' (Sen. Com. on Public Safety, Analysis of

2

Sen. Bill No. 1038, *supra*, as amended Mar. 28, 2014, p. 7.) 'In doing so, this bill will further the dual purposes of the juvenile justice system: rehabilitation and reintegration, by better ensuring that juveniles have a clear pathway to clearing their records, when in compliance with existing statutory and probationary requirements. The bill recognizes the established role of California's Juvenile Courts as institutions of reform, not punishment, and will help individuals with juvenile records to find and hold jobs, and become fully functioning members of society.' (*Id.* at p. 7 . . . .)" (*In re A.V.* (2017) 11 Cal.App.5th 697, 706-707.)

This modification does not change the judgment. The Petition for Rehearing is denied.

DATE: _____          _____ P. J.*

\* Justices Pollak and Jenkins concur.

Filed 6/16/17; (unmodified version) pub. order 6/29/17 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re I.F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>I.F.,<br><br>　　　Defendant and Appellant. | A146979, A146980<br><br>(Marin County<br>　Super. Ct. Nos. JV25561A-I,<br>　CIV1501532) |

This is an appeal in a juvenile criminal matter involving defendant/appellant I.F., who turned 18 years old in November of 2014 (hereinafter, defendant). Defendant challenges the juvenile court's orders to deny his motion pursuant to former Welfare & Institutions Code section 781 to seal his juvenile records following the dismissal of his underlying wardship petition, and to grant the prosecution's contingent motion for disclosure of certain of these records for impeachment purposes in his upcoming adult criminal trial.[1] For reasons set forth below, we reverse the challenged orders and remand to the juvenile court to apply section 786, the statute governing the sealing of juvenile records enacted prior to the adjudication of defendant's sealing petition, to this matter.

---

[1] 　　Unless otherwise indicated, all statutory citations herein are to the Welfare & Institutions Code.

1

# FACTUAL AND PROCEDURAL BACKGROUND

## I.      Case No. JV25561A (Juvenile Proceedings).

On April 2, 2012, an original wardship petition was filed pursuant to section 602 alleging that defendant, age 15, committed second degree robbery by means of force or fear (Pen. Code, § 211) (count one), and possessed marijuana (Health & Saf. Code, § 11357, subd. (b)) (count two).

On April 18, 2012, defendant entered into a negotiated disposition wherein he admitted grand theft, a lesser offense of count one, and the juvenile court dismissed count two.  At the subsequent disposition hearing, the juvenile court declared defendant a ward of the court and placed him on probation.

During defendant's probationary term, he sustained 21 referrals to the probation department, prompting eight additional wardship petitions, which, in turn, resulted in four sustained felonies and eight sustained misdemeanors.

The last wardship petition on behalf of defendant was filed on February 17, 2014, subsequent to which the juvenile court sustained allegations that defendant possessed cocaine (Health & Saf. Code, § 11357, subd. (b)), and resisted arrest (Pen. Code, § 148, subd. (a)(1)).

On May 21, 2014, defendant was placed at a residential treatment facility in the State of Iowa called Clarinda Academy.  Defendant's placement ended on November 25, 2014, five days after his 18th birthday, at which time he returned to his mother's custody in California.

On December 3, 2014, the juvenile court found that defendant had successfully completed probation, and thus dismissed the probation order and terminated jurisdiction and wardship.  The juvenile court also dismissed defendant's delinquency and probation violation petitions.  Defendant, in turn, filed a petition asking the court to seal his juvenile records pursuant to section 781, subdivision (a).

**II.    Case No. CIV1501532 (Adult Proceedings).**

On April 1, 2015, a felony complaint was filed in Marin County charging defendant, age 19, with attempted murder (Pen. Code, §§ 187, 664) (count one), and robbery (Pen. Code, § 211) (count two).

On April 27, 2015, the prosecutor assigned to defendant's criminal case filed a petition for disclosure of his juvenile records pursuant to section 827 for the purpose of impeaching him in his criminal trial. Defendant objected.

On June 11, 2015, the juvenile court ordered the parties to comply with the procedures governing the sealing of juvenile records set forth in section 781 and California Rules of Court, rule 5.830. The court also indicated that it would first decide defendant's petition to seal his juvenile records, before turning to the prosecutor's section 827 discovery requests. The next day, the prosecutor filed a second petition for disclosure, seeking discovery of 10 police reports in defendant's juvenile file.

On July 9, 2015, in response to a court order, the probation department filed a report regarding defendant's section 781 petition, in which it recommended the court deny it on the ground that "rehabilitation has not been attained." This report acknowledged, however, the record of defendant's rehabilitation was not sufficient to make an appropriate determination of rehabilitation because his probation had just recently been terminated successfully. The probation department therefore recommended delaying final determination of defendant's sealing request until more time elapsed post-completion of probation.

Accordingly, on August 3, 2015, the juvenile court ordered the probation department to "provide a further rehabilitation report of [defendant] for the period of time from December 4, 2014 to July 9, 2015." This supplemental probation report was filed September 16, 2015, and again recommended that defendant's petition to seal his juvenile records be denied on the ground that his rehabilitation had not been attained, in part because of his March 29, 2015 arrest for attempted murder and robbery. Counsel for neither party appeared at the September 16, 2015 hearing, and the court opted to take this

3

matter under submission and to reconsider the prosecution's petition for disclosure of defendant's juvenile records, which had been denied on August 10, 2015.

On October 2, 2015, the juvenile court issued a written order denying defendant's petition to seal his juvenile records pursuant to section 781.

On October 23, 2015, following a contested hearing, the juvenile court then granted the prosecution's petition for disclosure after learning from defense counsel that the prosecution's request had been limited to just two Marin County Sheriff reports in defendant's juvenile record.

Defendant's timely notice of appeal of the trial court's October 2, 2015 and October 23, 2015 orders was filed on November 12, 2015.[2]

## DISCUSSION

Defendant contends the juvenile court erred in denying his petition to seal his juvenile records after he successfully completed probation and his juvenile wardship petition was dismissed. Defendant further contends the court erred in thereafter granting the prosecution's petition for disclosure of certain of his juvenile records in his adult criminal case.

In raising these challenges, defendant's primary argument is that the juvenile court should have applied section 786, which became effective January 1, 2015 and requires automatic sealing in juvenile cases, such as this one, where the defendant successfully completes probation for any offense not listed in section 707, subdivision (b). Further, defendant argues that, to the extent he has forfeited the right to rely on section 786 on appeal by failing to raise the issue below, any such forfeiture was due to ineffective assistance from his counsel.

Alternatively, defendant argues that, even assuming the juvenile court properly applied former section 781, the statute in effect when his petition to seal was filed on

---

[2]     We grant the People's request for judicial notice of a court record indicating that on November 1, 2016, in criminal case number SC192629A, minor pleaded guilty to attempted murder in exchange for dismissal of the remaining counts and weapons allegations. As of November 3, 2016, to wit, the date the People's request was filed, a sentence had not been imposed. (Evid. Code, §§ 452, 459.)

4

November 3, 2014, the juvenile court nonetheless erred in denying his petition because, first, it permitted the district attorney's office to improperly delay the sealing process in violation of controlling law and, second, it wrongfully found that he had not been successfully rehabilitated for purposes of section 781, subdivision (a).  In addition, defendant contends that he further received ineffective assistance from counsel based on his attorney's failure to appear at the hearing on his petition to seal scheduled for September 16, 2015, with the result that his petition was submitted on the probation department's unopposed recommendation to deny sealing.  And finally, defendant contends that, after erroneously denying his petition to seal, the juvenile court further erred by granting the prosecution's contingent request for disclosure of two Sherriff's reports contained within his juvenile record for the purpose of impeaching him in his upcoming adult criminal trial.  We address each issue to the extent appropriate below.

## I.      Does Section 781 Or Section 786 Govern Defendant's Petition to Seal?

In November 2014, when defendant filed the underlying petition to seal his juvenile delinquency records, section 781, the governing statute, provided in relevant part: "(a) In any case in which a petition has been filed with a juvenile court to commence proceedings to adjudge a person a ward of the court, . . . the person or the county probation officer may, . . . in any case, at any time after the person has reached the age of 18 years, petition the court for sealing of the records, including records of arrest, relating to the person's case, in the custody of the juvenile court and probation officer and any other agencies, including law enforcement agencies, and public officials as the petitioner alleges, in his or her petition, to have custody of the records. . . . *If, after hearing, the court finds that since the termination of jurisdiction or action . . . he or she has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court, it shall order all records, papers, and exhibits in the person's case in the custody of the juvenile court sealed*, including the juvenile court record, minute book entries, and entries on dockets, and any other records relating to the case in the custody of the other agencies, entities, and officials as are named in the order. . . .  Once the court has ordered the person's

5

records sealed, the proceedings in the case shall be deemed never to have occurred . . ."[3] (Former § 781, subd. (a); italics added.)

Applying this former version of section 781 to defendant's petition, the juvenile court found defendant was not entitled to have his records sealed because he failed to meet the statutory requirement of attaining rehabilitation to its satisfaction. In so finding, the court noted, among other things, that defendant failed to graduate from high school or "obtain any particular skills for employment" while at the residential treatment program, and was arrested and remained in custody for four felony offenses occurring in March 2015. (See former § 781, subd. (a).) Accordingly, the juvenile court denied his petition and granted the modified petition of the prosecution for disclosure of a limited number of defendant's juvenile records for impeachment purposes in his upcoming adult criminal trial.

Several months prior to the juvenile court's orders, however, on January 1, 2015, section 786 became the operative statute with respect to petitions to seal juvenile delinquency records where, as here, the defendant successfully completes probation. This new statute provided in relevant part: "If the minor satisfactorily completes . . . a term of probation for any offense not listed in subdivision (b) of Section 707, the court shall order the petition dismissed, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court . . . ."[4] (Former § 786 (2015

---

[3]    The former statute provided two narrow exceptions to the rule that a sealed record is not open to inspection, neither of which applies here: (1) when there is good cause to unseal the records so they can be admitted into evidence in a defamation action (former § 781, subd. (b)), and (2) when information about an adjudication has been provided to the Department of Motor Vehicles and is disclosed by that agency to an authorized insurer for the limited purpose of determining insurance eligibility and rates. (Former § 781, subd. (c); see also California Rules of Court, rule 5.830.)

[4]    Section 786 has twice been amended since its enactment. (Stats 2015 ch 368 § 1 (AB 666); ch 375 § 1.5 (AB 989), both effective January 1, 2016; Stats 2016 ch 86 § 312 (SB 1171), effective January 1, 2017; and Stats 2016 ch 858 § 1 (AB 1945).) In this case,

amendment) hereinafter "former section 786".)  It is undisputed that defendant's juvenile offenses are not listed in section 707, subdivision (b).

As this amendatory statutory language reflects, juvenile courts now must automatically seal juvenile records so long as the specified requirements are met.  (See *In re Y.A.* (2016) 246 Cal.App.4th 523, 526-527 ["the unambiguous language of . . . section 786 required the court to seal records pertaining to the 'dismissed petition' based upon first finding Minor had satisfactorily completed probation for an offense alleged in the petition"].)  At the same time, section 786 is silent as to whether it applies to matters pending when it became effective on January 1, 2015.  As both parties recognize, there is a " 'well-established presumption that statutes apply prospectively in the absence of a clearly expressed contrary intent.' "  (See *Californians for Disability Rights v. Mervyn's LLC* (2006) 39 Cal.4th 223, 230 [*Californians for Disability Rights*].  See also *In re Y.A., supra,* 246 Cal.App.4th at p. 528 [" 'new or amended statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively' "].)

On appeal, defendant argues for the first time that, as a procedural statute that does not change the legal consequences of past conduct by imposing new or different liabilities based upon such conduct, section 786 should apply prospectively *to all pending cases* as of the statute's January 1, 2015 effective date, including this case, where the underlying petition to seal was filed before the statute's effective date, but the adjudication and final order on the petition occurred afterward.  (See *Californians for Disability Rights, supra,* 39 Cal.4th at pp. 231-232 ["courts have found to be *prospective*, and thus permissible, the application to pending cases of new statutes . . . [where] application of the new law to pending cases properly governed the conduct of proceedings following the law's enactment without changing the legal consequences of past conduct"].)  In the alternative, defendant contends that, as an ameliorative statute that lessens punishment for criminal defendants, section 786 should apply retroactively in

___

however, we are concerned only with the version of section 786 that became effective on January 1, 2015, while defendant's petition was pending.

7

accordance with the rule set forth in *People v. Estrada* (1965) 63 Cal.2d 740 [*Estrada*]. This rule provides that, "[w]hen the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. . . . This intent seems obvious, because to hold otherwise would be to conclude that the Legislature was motivated by a desire for vengeance, a conclusion not permitted in view of modern theories of penology." (*Estrada, supra,* 63 Cal.2d at p. 745; see also *People v. Brown* (2012) 54 Cal.4th 314, 324-325 [the *Estrada* rule applies only when a legislative act intentionally "mitigate[s] the punishment for a particular criminal offense"].)

For reasons set forth below, we agree with defendant's first argument – to wit, that his sealing request should have been considered in light of section 786, the statute governing the sealing of juvenile records following dismissal of a juvenile's wardship petition that became effective while his sealing petition remained pending. However, before turning to our analysis, we briefly address the People's contention that defendant forfeited the right to challenge the orders denying his petition to seal and granting the prosecution's petition for disclosure on the basis of the newly-enacted section 786 by failing to raise this issue before the juvenile court. We agree with the People that, as a general matter, the forfeiture doctrine applies to juvenile matters. (*People v. Tully* (2012) 54 Cal.4th 952, 1075.) Nonetheless, in this case, we conclude the best course of action is to exercise our discretion to consider defendant's contention, given that it involves a purely legal issue that may be decided on the undisputed factual record. We thus turn to the relevant law.

In the more typical situation, where "a statute's application to a given case is challenged as impermissibly retroactive, we typically begin our analysis by reiterating the presumption that statutes operate prospectively absent a clear indication the voters or the Legislature intended otherwise. [Citations.] The presumption embodies ' " '[t]he first rule of construction[, namely,] that legislation must be considered as addressed to the

8

future, not to the past." ' " [Citations.]'.)" (*Californians for Disability Rights, supra,* 39 Cal.4th at p. 230.)

Here, however, the issue is a bit different, in that the relevant statutory framework was amended after the underlying petition to seal was filed, but before it was adjudicated. Under these circumstances, defendant insists that we are not faced with retroactive application of a statute, but, rather, prospective application of statute. We agree. As the California Supreme Court in *Californians for Disability Rights* explained: "Having articulated the presumption, '[t]here remains the question of what the terms "prospective" and "retroactive' mean.' [Citation.] . . . . 'In deciding whether the application of a law is prospective or retroactive, we look to function, not form. [Citations.] We consider the effect of a law on a party's rights and liabilities, not whether a procedural or substantive label best applies. Does the law "change[] the legal consequences of past conduct by imposing new or different liabilities based upon such conduct[?]" [Citation.] Does it "substantially affect[] existing rights and obligations[?]" [Citation.] If so, then application to a trial of preenactment conduct is forbidden, absent an express legislative intent to permit such retroactive application. If not, then application to a trial of preenactment conduct is permitted, because the application is prospective.' [Citation.] Viewed functionally, a statute that establishes rules for the conduct of pending litigation without changing the legal consequences of past conduct ' " 'is not made retroactive merely because it draws upon facts existing prior to its enactment . . . . [Instead,] [t]he effect of such statutes is actually prospective in nature since they relate to the procedure to be followed in the future.'[Citations.] For this reason, we have said that "it is a misnomer to designate [such statutes] as having retrospective effect.' " ' [Citations.]" (*Californians for Disability Rights, supra,* 39 Cal.4th at pp. 230-231.)[5]

---

[5] In *Californians for Disability Rights*, the high court further illustrated the difference between retroactive and prospective application of new statutes to pending cases as follows: "Applying these rules in illustrative cases, we have found to be *retroactive*, and thus impermissible, the application of new statutes to pending cases in ways that would have: (a) expanded contractors' tort liability for past conduct by imposing broader duties than existed under the common law [citation]; (b) subjected

9

Here, as previously noted, the former version of section 781, relied upon by the juvenile court to deny defendant's petition, permitted sealing of a juvenile's record only upon a showing that the juvenile had not been convicted of a felony or of any misdemeanor involving moral turpitude, and that rehabilitation had been attained to the satisfaction of the court. (Former § 781, subd. (a).) Thus, by enacting section 786, the legislature eliminated the requirement of satisfactory rehabilitation and instead mandated *automatic sealing* of a juvenile's records so long as the juvenile completed probation for a non-section 707, subdivision (b) offense—to wit, statutory requirements defendant has undisputedly met. (See *In re Y.A.*, *supra,* 246 Cal.App.4th at pp. 526-527.)

Considering this statutory change under the legal lens articulated by the California Supreme Court in *Californians for Disability Rights, supra,* 39 Cal.4th 223, we conclude that automatic sealing of a juvenile's records so long as the juvenile has met the more lenient requirements set forth in the newly added section 786 is clearly not punitive, nor does it change the legal consequences of a juvenile's past conduct by imposing new or different liabilities based upon such conduct, or substantially affect his or her existing rights and obligations. Rather, the statutory change — permitting juveniles to have their records automatically sealed after successful completion of probation rather than after

---

tobacco sellers to tort liability for acts performed at a time when they enjoyed the protection of an immunity statute [citation]; and (c) subjected persons to increased punishment for past criminal conduct, or to punishment for past conduct not formerly defined as criminal [citation]. In each of these cases, application of the new law to pending cases would improperly have changed the legal consequences of past conduct by imposing new or different liabilities based upon such conduct. (See [citation].) [¶] In contrast, courts have found to be *prospective*, and thus permissible, the application to pending cases of new statutes: (a) requiring plaintiffs suing under an environmental law to provide a certificate of merit [citation]; (b) eliminating the right under the anti-SLAPP law [citation] to dismiss certain public-interest lawsuits [citation]; and (c) eliminating the right to appeal (as distinguished from the right to file a petition for writ of mandate) from a superior court's decision upholding the Medical Board of California's decision to revoke a physician's license [citation]. In each of these cases, application of the new law to pending cases properly governed the conduct of proceedings following the law's enactment without changing the legal consequences of past conduct"]." (*Californians for Disability Rights, supra,* 39 Cal.4th at pp. 231-232.)

10

proving their attainment of rehabilitation to the court's satisfaction —is better characterized as a change in the procedural rules for sealing juvenile delinquency records, rather than imposition of new or different liabilities for committing criminal conduct. In other words, while the juvenile court was granted a degree of discretion under former section 781 when deciding whether to seal a juvenile's records (to wit, discretion to decide whether the juvenile was rehabilitated to the court's satisfaction), the legislature, by enacting section 786, effectively made the decision to seal a juvenile's records an administrative decision based on the type of offense committed and the juvenile's completion of probation for that offense. Thus, because "[n]othing a [person] might lawfully do before [the amendment] is unlawful now, and nothing earlier forbidden is now permitted," we conclude application of section 786 must be deemed prospective rather than retroactive. (See *Californians for Disability Rights, supra,* 39 Cal.4th at p. 231 ["Viewed functionally, a statute that establishes rules for the conduct of pending litigation without changing the legal consequences of past conduct ' " 'is not made retroactive merely because it draws upon facts existing prior to its enactment . . . .' " ' "]; see also *Matteo v. Department of Motor Vehicles* (2012) 209 Cal.App.4th 624, 634 [affirming a trial court order directing the Department of Motor Vehicles to grant the respondent a restricted driver's license based upon his compliance with an amended version of a Vehicle Code statute that became effective July 1, 2010, a date occurring after respondent's commission of a drunk driving offense, but before his conviction for the offense]. Cf. *In re Y.A., supra,* 246 Cal.App.4th at pp. 526-528 [declining to hold that the amended version of section 786 operated retroactively, and affirming a juvenile court order to seal juvenile records that was based on the version of section 786 in effect when the sealing order was issued].)

Accordingly, we agree with defendant that his petition to seal should have been governed by the version of section 786 in effect at the time of the juvenile court's adjudication of it. We thus reverse the juvenile court's orders and remand this matter with the instruction that the court apply former section 786 to defendant's petition to seal,

11

as well as to the contingent petition by the prosecution for disclosure of his juvenile records.

**II.     This Court Need Not Consider Defendant's Alternative Arguments.**

Finally, given our conclusion that reversal and remand is necessary in this case, we need not address defendant's alternative arguments for reversal that he twice received ineffective assistance from counsel, that consideration of his petition was wrongfully delayed by the district attorney's office, and that the juvenile court erred in finding he had not attained rehabilitation to its satisfaction.

**DISPOSITION**

The juvenile court orders denying defendant's petition to seal and granting the prosecution's petition for disclosure are reversed, and the matter remanded for reconsideration in light of the opinions reached herein.

_____
Jenkins, J.

We concur:

_____
McGuiness, P. J.

_____
Pollak, J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re I.F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. I.F., Defendant and Appellant. | A146979, A146980 (Marin County Super. Ct. Nos. JV25561A-I, CIV1501532) **ORDER CERTIFYING OPINION FOR PUBLICATION** |

**BY THE COURT:**

The opinion in the above-entitled matter filed on June 16, 2017, was not certified for publication in the Official Reports. For good cause, the request for publication is granted.

Pursuant to California Rules of Court, rules 8.1120 and 8.1105(c)(2), (3) and (4), the opinion in the above-entitled matter is ordered certified for publication in the Official Reports.

Dated: _____        _____Acting P.J.

1

| | |
|---|---|
| Trial Court: | Superior Court, Marin County |
| Trial Judge: | Hon. Faye D'Opal, Judge |
| Counsel for Appellant: | Violet Elizabeth Grayson, By Appointment Of The Court Of Appeal, Under The First District Appellate Project's Independent Case System |
| Counsel for Respondent: | Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Donna M. Provenzano, Supervising Deputy Attorney General, and Christina Vom Saal, Deputy Attorney General |

*In re I.F.*, A146979, A146980