Filed 10/9/19

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re O.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>    Plaintiff and Respondent, <br><br> v. <br><br> O.C., <br><br>    Defendant and Appellant. | E071122 <br><br> (Super.Ct.No. J230620) <br><br> OPINION |

APPEAL from the Superior Court of San Bernardino County. Winston Keh, Judge. Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.  INTRODUCTION

Defendant and appellant, O.C., appeals from the order denying her petition to seal her juvenile court records and related records in the custody of law enforcement and other agencies.  (Welf. & Inst. Code, §§ 781, 786.)[1]  She claims the court was required to seal her records under section 786 because she satisfactorily completed her juvenile court probation in April 2011.  (See § 786, subd. (a).)  We affirm.

As we explain, O.C.'s sealing petition was governed by section 781, not section 786.  Section 786 was enacted effective January 1, 2015 (Stats. 2014, ch. 249, § 2 (Sen. Bill No. 1038)) and is not retroactive.  Section 786 requires the juvenile court to automatically and immediately dismiss a qualifying person's juvenile court petition and seal the person's juvenile court records and related records as soon as the person "satisfactorily completes" their juvenile court supervision or probation.  (§ 786, subds. (a), (c); Cal. Rules of Court, rule 5.840.)[2]  Because O.C. did not satisfactorily complete her juvenile court probation after section 786 went into effect on January 1, 2015, she was not qualified to seal her records under section 786.

In contrast to section 786's automatic sealing requirement, section 781 provides for a noticed petition procedure to seal a person's juvenile court records and related records.  Under section 781, persons may petition the court to seal the person's juvenile

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

[2]  Undesignated rule references are to the California Rules of Court.

court records and related records, "in any case" after the person has reached age 18, and in other circumstances. (§ 781, subd. (a)(1)(A); rule 5.830.) The petition is required to show that, since the juvenile court's jurisdiction was terminated or the section 626 action was dismissed, the person was not convicted of a felony or a misdemeanor involving moral turpitude, and the person has attained rehabilitation to the satisfaction of the court. (§ 781, subd. (a)(1)(A).) O.C. was not qualified to seal her records under section 781 because (1) she was convicted of six felonies in May 2018, after the juvenile court's jurisdiction over her terminated in April 2011, and (2) in denying O.C.'s sealing petition, the court found that O.C. had not obtained rehabilitation since April 2011, based on the facts underlying her six felony convictions.

## II. FACTS AND PROCEDURAL BACKGROUND

### A. *The Juvenile Court Proceedings Against O.C. (2009-2011)*

When she was 16 years old in September 2009, O.C. drove under the influence of alcohol and crashed her brother's car into a cement light pole. The accident occurred around 2:50 a.m., O.C. was driving alone, and no other vehicles were involved in the collision. In December 2009, a wardship petition was filed, alleging in count 1 that O.C. drove under the influence of alcohol (Veh. Code, § 23152, subd. (a)) and in count 2 that O.C. drove without a valid driver's license (Veh. Code, § 12500, subd. (a)). On March 15, 2010, O.C. admitted count 1; the court found count 1 true and dismissed count 2.

3

At the dispositional hearing on April 13, 2010, the court declared O.C. a ward of the court and sentenced her to one year of formal probation. O.C. was also given a *Watson*[3] advisement: "You're advised that being under the influence of alcohol impairs your ability to safely operate a motor vehicle. And if you continue to drive while under the influence of alcohol, and as a result of that driving, someone is killed, you can be charged with murder in the state of California." O.C. acknowledged that she understood the *Watson* advisement.

At the conclusion of the dispositional hearing, the court further admonished O.C.: "The court does view this case as a serious case. I've seen too many cases where the juvenile court minimized the conduct of a minor that was drinking and driving, and that minor then later in life continued that behavior and killed people. I've seen those cases. I've seen too many of those cases. Given the time of night, or early in the morning hours, given the circumstances, given that she's not in regular school and she's behind on her credits, the Court views summary probation to be inappropriate."

At a nonappearance review hearing on April 13, 2011, the court dismissed the wardship petition and discharged O.C as a ward based on the recommendation of the probation department. According to the probation officer's statement, O.C., then age 18, had graduated from high school, was to begin nursing school in June 2011, had no outstanding arrest warrants or citations, and was doing well at home. She had also

---

[3] *People v. Watson* (1981) 30 Cal.3d 290; Vehicle Code section 23593.

4

completed her community service, an "Alive at 25" class, and the youth alternative sentencing program (YASP), which instructed on the dangers of alcohol and drug abuse. Her "overall compliance to juvenile rehabilitative services ha[d] been good," but a balance of $572 was still owing on $710 in fines and fees imposed at disposition. O.C. apologized for the unpaid fines and fees and said she would be sure to pay them; she thought her father had paid them. The court ordered the $572 in unpaid fees and fines to remain in effect.

B. *The 2014 Murder Charges Against O.C. in Los Angeles County*

On February 9, 2014, O.C., then age 21, was driving under the influence of alcohol when she struck a Ford Explorer head on, resulting in the deaths of six persons: her two passengers and all four occupants of the Ford Explorer. The fatal collision occurred at 4:44 a.m. when O.C. was driving in the wrong direction on State Route 60 in Los Angeles County. Before the fatal collision, O.C. was driving in the wrong direction on another freeway, sideswiped one vehicle, and nearly struck several other vehicles. O.C. and her two passengers (her older sister and her female friend) had been drinking at a bar in Fullerton and had left the bar around 1:45 a.m. Three hours and 10 minutes after the fatal collision, O.C.'s blood-alcohol content was 0.15 percent. On February 13, 2014, the Los Angeles County District Attorney charged O.C. with six counts of murder.

C. *The 2014 Requests to Disclose O.C.'s Juvenile Court Records (§ 827)*

On February 28, 2014, the Los Angeles County District Attorney (the LACDA) filed a request for disclosure of juvenile case file (Judicial Council Forms, form JV-570)

in the juvenile court (§ 827), seeking O.C.'s entire juvenile case file, including records showing she had been given a *Watson* advisement and had completed a "DUI program." The court granted the request on March 6, 2014. On November 6, 2014, the LACDA filed a second records request (§ 827), this time seeking reporter's transcripts of the March 15, 2010, hearing at which O.C. admitted count 1, and of the April 13, 2010 dispositional hearing at which O.C. was given the *Watson* advisement. The court granted the second records request on November 6, 2014.

D. *O.C.'s Motion to Seal her Juvenile Court Records (§§ 781, 786)*

On May 10, 2018, O.C. filed a petition to seal all of her juvenile court records. The petition was made with reference to section 786, which requires the court to dismiss the wardship petition and to seal the juvenile court records of any person, of any age, who has satisfactorily completed the terms of his or her juvenile court probation. A May 25 hearing on the petition was continued to June 18. On May 22, while her sealing petition was pending, O.C. entered an "open" no contest plea to six counts of second degree murder in the Los Angeles County criminal case, and her sentence was to be determined on September 7.

The San Bernardino County District Attorney (the SBCDA) opposed O.C.'s sealing petition, arguing that section 786 did not apply retroactively to cases like O.C.'s in which the juvenile court's jurisdiction had been terminated before section 786 was enacted effective January 1, 2015. (Stats. 2014, ch. 249, § 2 (Sen. Bill No. 1038).) The

SBCDA also argued that the sealing petition was moot because O.C.'s records had been disclosed to the LACDA in 2014. (§ 827.)

The LACDA filed an amicus curiae opposition, also arguing that section 786 did not apply retroactively, that O.C.'s motion was governed by section 781, and that O.C.'s second degree murder convictions and failure to rehabilitate rendered her ineligible to seal her juvenile court records under section 781. The LACDA also pointed out that sealing O.C.'s juvenile court records would "possibly prevent consideration [of the records at O.C.'s pending] sentencing" hearing and would thereby "thwart justice" for the murder victims' families.

In reply, O.C. agreed that section 786 applies only prospectively but argued that sealing her records pursuant to section 786 would be a prospective rather than a retroactive application of the statute. Lastly, O.C. argued that equal protection principles required her records to be sealed under section 786.

E. *The Court's June 18, 2018, Order Denying O.C.'s Sealing Petition*

The court denied O.C.'s sealing petition at the June 18, 2018, hearing. The court reasoned that, because section 786 was enacted effective January 1, 2015, and is not retroactive, it did not allow the court to seal a person's records if the juvenile court's jurisdiction over the person was terminated before January 1, 2015. In O.C.'s case, the juvenile court's jurisdiction terminated on April 13, 2011, when O.C.'s wardship petition was dismissed following her successful completion of her probation, with the exception

7

of her failure to pay $572 of $710 in fines and fees.[4] Thus, the court ruled that it was not authorized to seal O.C.'s juvenile court records under section 786. The court also ruled that O.C.'s juvenile court records were properly disclosed to the LACDA in 2014. (§ 827.)

Because section 786 did not apply, the court ruled that O.C. had to rely on section 781 as authority to seal her records. As pertinent, section 781 authorizes the juvenile court to seal a person's records, "in any case at any time after the person has reached 18 years of age, . . . [i]f, after hearing, the court finds that since the termination of [juvenile court] jurisdiction . . . [the person] has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court . . . ." (§ 781, subd. (a)(1)(A).) The court found that O.C. was not qualified to seal her records under section 781, based on her no contest plea to six felony second degree murder counts in May 2018. Additionally, the court found that O.C. had not attained rehabilitation to the satisfaction of the court, based on the facts underlying her six felony convictions. O.C. timely appealed.

---

[4] Under section 786, "[a]n unfulfilled order or condition of restitution, including a restitution fine that can be converted to a civil judgment under Section 730.6 or an unpaid restitution fee *shall not be deemed to constitute unsatisfactory completion of supervision or probation . . . .*" (§ 786, subd. (c)(2), italics added.) Thus, if section 786 applied to O.C.'s sealing petition, O.C. would have "satisfactorily completed" her probation within the meaning of section 786, despite her failure to pay her restitution fines and fees imposed at disposition in April 2010. (§ 786, subds. (a), (c)(2).)

8

III.  DISCUSSION

O.C. claims the court erroneously failed to grant her sealing petition under section 786.  We disagree.  Section 786 is not retroactive; it only applies to persons who satisfactorily completed their juvenile court supervision or probation after it went into effect on January 1, 2015.  Thus, O.C.'s sealing petition was governed by section 781, not section 786, and O.C. did not meet section 781's requirements for sealing her records.

A.  *O.C. Did Not Meet Section 781's Sealing Requirements*

Section 781 provides for a noticed petition procedure for sealing a person's juvenile court records and related records in the custody of the probation department, law enforcement agencies, and other agencies.  (§ 781, subd. (a)(1)(A); see rule 5.830.)  When O.C.'s sealing petition was adjudicated in 2018, section 781 provided that, in cases in which a wardship petition had been filed against a person, at any time after the person reached age 18, either the person or the county probation officer could petition the court to seal the person's juvenile court records and related records, as specified in the petition.  (§ 781, subd. (a)(1)(A).)  The court was required to seal the records, "[i]f, after hearing, the court [found] that since the termination of [juvenile court] jurisdiction," the person "ha[d] not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation ha[d] been attained to the satisfaction of the court . . . ."  (*Ibid.*)[5]

---

[5]  When O.C's sealing petition was adjudicated in June 2018, section 781 provided:  "If a petition has been filed with a juvenile court to commence proceedings to adjudge a person a ward of the court, . . . the person or the county probation officer may, . . . if, at any time after the person has reached 18 years of age, petition the court

O.C. concedes that she did not meet section 781's requirements for sealing her records. As the court found, O.C.'s six felony convictions for second degree murder in May 2018 rendered her ineligible to seal her records under section 781. (§ 781, subd. (a)(1)(A).) Thus, the court did not find and could not have found that O.C. had *not* been convicted of a felony since the juvenile court's jurisdiction over her was terminated in April 2011, a prerequisite to granting O.C.'s sealing petition under section 781. (*Ibid*.) The court also found that O.C. had not attained rehabilitation to the court's satisfaction, based on the facts underlying her six felony convictions: She drove under the influence of alcohol in February 2014 and caused the deaths of six people. (*Ibid*.)

---

*[footnote continued from previous page]*
*[footnote continued from previous page]*

for sealing of the records, including records of arrest, relating to the person's case, in the custody of the juvenile court and probation officer and any other agencies, including law enforcement agencies, entities, and public officials as the petitioner alleges, in his or her petition, to have custody of the records. The court shall notify the district attorney of the county and the county probation officer, if he or she is not the petitioner, and the district attorney or probation officer or any of their deputies or any other person having relevant evidence may testify at the hearing on the petition. *If, after hearing, the court finds that since the termination of jurisdiction . . . he or she has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court, it shall order all records, papers, and exhibits in the person's case in the custody of the juvenile court sealed,* including the juvenile court record, minute book entries, and entries on dockets, and any other records relating to the case in the custody of the other agencies, entities, and officials as are named in the order. Once the court has ordered the person's records sealed, the proceedings in the case shall be deemed never to have occurred, and the person may properly reply accordingly to any inquiry about the events, the records of which are ordered sealed." (Former § 781, subd. (a)(1)(A), italics added.) Effective January 1, 2019, the first sentence of section 781, subdivision (a)(1)(A), was changed: The phrase "in any case at any time," replaced "if, at any time." (Stats. 2018, ch. 423, § 125, (Sen. Bill No. 1494), eff. Jan 1. 2019.)

B. *Section 781, Not Section 786, Governs O.C.'s Sealing Petition*

    1. Section 786, Pertinent Provisions

Section 786 provides: "If a person who has been alleged or found to be a ward of the juvenile court *satisfactorily completes* (1) an informal program of supervision pursuant to Section 654.2, (2) probation under Section 725, or (3) a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice." (§ 786, subd. (a), italics added.)

For purposes of section 786, "satisfactory completion of an informal program of supervision or another term of probation . . . shall be deemed to have occurred if the person has no new findings of wardship or conviction for a felony offense or a misdemeanor involving moral turpitude *during the period of supervision or probation* and if he or she has not failed to substantially comply with the reasonable orders of supervision or probation that are within his or her capacity to perform. . . ." (§ 786, subd. (c)(1), italics added.) "An unfulfilled order or condition of restitution, including a restitution fine . . . or an unpaid restitution fee shall not be deemed to constitute unsatisfactory completion of supervision or probation . . . ." (§ 786, subd. (c)(2).)[6]

---

[6] Section 786 does not allow the court to dismiss the petition or seal the records of a person if the petition was sustained based on the person's commission of an offense listed in section 707, subdivision (b), that was committed when the person was age 14 or

11

2. Section 786 Is Not Retroactive

There is a "'well-established presumption'" that a statute applies prospectively, absent a clearly expressed legislative intent that the statute was to operate retroactively. (*Californians for Disability Rights v. Mervyn's, LLC* (2006) 39 Cal.4th 223, 230; see *In re Y.A.* (2016) 246 Cal.App.4th 523, 528 ["[A] 'new or amended statute applies prospectively only, unless the Legislature clearly expresses an intent that it operate retroactively.'"].) In determining the Legislature's intent, we first look to the words of the statute, because they are the most reliable indicator of legislative intent. (*People v. Lawrence* (2000) 24 Cal.4th 219, 230.) If the language of the statute is not ambiguous, the Legislature is presumed to have meant what it said, and the plain meaning of the statute governs its interpretation. (*Id*. at pp. 230-231.)

The words of section 786 are plain and unambiguous, and nothing in them indicates that the Legislature intended section 786 to apply retroactively to persons who satisfactorily completed their supervision or probation before section 786 went into effect on January 1, 2015. The first sentence of the statute is expressed in the present tense: "If a person . . . *satisfactorily completes* (1) an informal program of supervision . . . , (2) probation under Section 725, or (3) a term of probation for any offense," the court is required to dismiss the petition *and* seal all records pertaining to the dismissed petition,

_____

*[footnote continued from previous page]*
*[footnote continued from previous page]*
older, unless the finding on the offense was dismissed or was reduced to a misdemeanor or to a lesser offense not listed in section 707, subdivision (b). (§ 786, subd. (d).)

12

as specified.  (§ 786, subd. (a).)  If the Legislature had intended section 786 to apply

retroactively to persons who *had satisfactorily completed* their supervision or probation

*before* section 786 went into effect, then we believe that the statute's first sentence would be expressed in the past tense *and* would specify a time frame, predating January 1, 2015, during which the person must have satisfactorily completed their supervision or probation.

Additionally, section 786's definition of "satisfactory completion" plainly shows that the Legislature did not intend section 786 to apply retroactively: "[S]atisfactory completion of an informal program of supervision or another term of probation . . . shall be deemed to have occurred if the person has no new findings of wardship or conviction for a felony offense or a misdemeanor involving moral turpitude *during the period of supervision or probation . . . .* The period of supervision or probation shall not be extended solely for the purpose of deferring or delaying eligibility for dismissal of the petition and sealing of the records under this section." (§ 786, subd. (c)(1).) If the Legislature had intended section 786 to apply retroactively to persons who had satisfactorily completed their supervision or probation *before* section 786 went into effect, then we believe section 786 would require the person not to have suffered new wardship findings, a felony conviction, or a misdemeanor conviction involving moral turpitude *during the period following* the person's period of supervision or probation, as an *additional* condition of having the person's petition dismissed and their records sealed.

The legislative history of section 786 also shows that the Legislature intended section 786 to apply only prospectively, not retroactively. Section 786 was added to the

14

Welfare and Institutions Code by Senate Bill No. 1038. (Stats. 2014, ch. 249, § 2.)

According to the bill analysis, one of the purposes of the bill was to "provide for the *automatic* dismissal of juvenile petitions, and sealing of related records, in cases where the minor satisfactorily completed their term of probation." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1038, as amended Mar 28, 2014, p. 8, italics added.)[7] Although section 786 does not use the term "automatic," the Legislature's intent to provide for the automatic or immediate dismissal and sealing of specified juvenile court petitions and records is reflected in the language of section 786. The statute effectively directs the court to *automatically and immediately* dismiss a juvenile court petition and seal specified records related to the petition *as soon as* the person satisfactorily completes their juvenile court supervision or probation, without requiring a noticed petition. (§ 786, subds. (a), (c); see *In re A.V.* (2017) 11 Cal.App.5th 697, 705 ["Section 786 authorizes the juvenile court to employ *a streamlined, court-initiated procedure* for dismissing juvenile delinquency petitions and sealing juvenile records . . . ." (Italics added.)]; *id.* at p. 710 ["[S]ection 786 consistently uses the terms 'dismiss' and 'seal' together."]; see rule 5.840.)

---

[7] Senate Bill No. 1038 also amended section 782 to authorize the juvenile court to dismiss a juvenile court petition after the person reached age 21. (Stats. 2014, ch. 249, § 1.) Under former section 782, the court could not dismiss a juvenile court petition after the person reached age 21.

It is also significant that the Legislature did not repeal section 781 when it enacted section 786, effective January 1, 2015. Courts do not construe statutes in isolation, "but rather read every statute 'with reference to the entire scheme of law of which it is part so

that the whole may be harmonized and retain effectiveness.'" (*People v. Pieters* (1991) 52 Cal.3d 894, 899.) If possible, courts must avoid an interpretation of a statute that requires another statute to be ignored. (*Chatsky & Associates v. Superior Court* (2004) 117 Cal.App.4th 873, 876.) Rather, "[i]f two seemingly inconsistent statutes conflict, the court's role is to harmonize the law." (*Stone Street Capital, LLC v. California State Lottery Com.* (2008) 165 Cal.App.4th 109, 118.) Courts must also "assume that the Legislature, when enacting a statute, was aware of existing related laws and intended to maintain a consistent body of rules." (*People v. Vessell* (1995) 36 Cal.App.4th 285, 289.)

In our view, sections 781 and 786 can only be harmonized by limiting section 786's application to persons who have satisfactorily completed their juvenile court supervision or probation after section 786 went into effect on January 1, 2015. Applying section 786 to persons who completed their juvenile court supervision or probation before January 1, 2015, but who have since suffered a felony conviction, a misdemeanor involving moral turpitude, or who have since not attained rehabilitation to the satisfaction of the court, would render section 781 a nullity in these cases. (§ 781, subd. (a)(1)(A).) That is, retroactively applying section 786 to such cases would allow persons who cannot meet section 781's sealing requirements to escape those requirements. Nothing in the plain language of section 786, its legislative history, or section 781 indicates that the Legislature intended this result.

17

Indeed, an additional purpose of Senate Bill No. 1038 (Stats. 2014, ch. 249, § 2) was to "further the dual purposes of the juvenile justice system:  rehabilitation and reintegration, by better ensuring that juveniles have a clear pathway to clearing their records, *when in compliance with existing statutory and probationary requirements*." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1038, *supra*, as amended Mar 28, 2014, p. 7, italics added.)  Retroactively applying section 786 to persons who completed their juvenile court supervision or probation before section 786 went into effect, and who would not qualify to seal their records under section 781, would not serve the rehabilitation and reintegration purposes of the juvenile justice system.  (See § 202.)

O.C. did not satisfactorily complete her juvenile court probation after section 786 went into effect on January 1, 2015.  Rather, she completed her probation in April 2011.  Thus, section 786 does not apply to O.C.'s sealing petition, and O.C. is not entitled to have her records *automatically* sealed under section 786.  Rather, O.C.'s sealing petition was governed by section 781, and her sealing petition was properly denied based on her six felony convictions for second degree murder in May 2018, and her (concomitant) failure to rehabilitate since the juvenile court's jurisdiction over her terminated in April 2011.  (§ 781, subd. (a)(1)(A).)  Applying section 786 to O.C.'s sealing petition would allow O.C. to circumvent section 781's sealing requirements.

We recognize that our interpretation of section 786 is at odds with our colleagues' decision in *In re I.F.* (2017) 13 Cal.App.5th 679 (*I.F.*).  The defendant in *I.F.* turned age 18 in November 2014.  (*Id.* at p. 681.)  In December 2014, the juvenile court found that

the defendant had successfully completed his probation, dismissed the defendant's wardship and probation violation petitions, and terminated the court's jurisdiction. (*Id.* at pp. 682-683.) In October 2015, the juvenile court denied the defendant's sealing petition under section 781 on the ground the defendant had not attained rehabilitation. (*I.F.*, *supra*, at p. 683.) The court found the defendant had failed to graduate from high school, "'obtain any particular skills for employment,'" had been arrested for attempted murder and robbery in March 2015, and remained in custody on those charges at the time of the October 2015 hearing on his sealing petition. (*Id*. at pp. 682-683, 685.)

The defendant appealed and the *I.F.* court reversed, holding that section 786, rather than section 781, applied to the defendant's sealing petition because the sealing petition was adjudicated in October 2015, *after* section 786 went into effect on January 1, 2015. (*I.F.*, *supra*, 13 Cal.App.5th at pp. 681-683, 687-688.) The *I.F.* court reasoned that applying section 786 to the defendant's sealing petition would be a prospective rather than a retroactive application of section 786, given that section 786 was in effect when the sealing petition was adjudicated. (*I.F.*, *supra*, at pp. 687-688.) The *I.F.* court observed: "Several months prior to the juvenile court's orders . . . on January 1, 2015, section 786 became the operative statute with respect to petitions to seal juvenile delinquency records where, as here, the defendant successfully completes probation." (*Id*. at p. 686.)

We respectfully disagree with this quoted statement of the *I.F.* court, because we believe it sweeps too broadly. Section 781, not section 786, must be interpreted as

19

applying to persons who completed their juvenile court supervision or probation before January 1, 2015, and who, at some later date, petition to seal their juvenile court records. Section 786 was not designed to deal with such sealing petitions. Indeed, persons whose petitions and records are required to be automatically dismissed and sealed under section 786 have *only recently* "satisfactorily completed" their juvenile court supervision probation (§ 786, subd. (c)), and in such cases, there is no need for the court to determine or investigate whether the person *also* met section 781's sealing requirements.

But persons like O.C. and I.F., who completed their juvenile court supervision or probation before section 786 went into effect on January 1, 2015, should not be allowed to have their older petitions dismissed or their older records sealed under section 786. In such cases, some period of time—in some cases years—has lapsed since the person completed their juvenile court supervision or probation and the juvenile court's jurisdiction over the person was terminated. In such cases, an investigation is needed to determine whether the person has since suffered a felony conviction or a misdemeanor conviction involving moral turpitude, or whether the person has since failed to attain rehabilitation to the satisfaction of the court. (§ 781, subd. (a)(1)(A.) Allowing persons who cannot meet section 781's sealing requirements to seal their records under section 786 would allow such persons to escape section 781's sealing requirements. Such an

20

approach would render section 781 of no effect and would give such persons a benefit that neither sections 781 nor 786 contemplates.[8]

C. *O.C.'s Equal Protection Claim Lacks Merit*

O.C claims that, if section 786 does not apply retroactively to her case, then section 786 violates her equal protection rights under federal and state Constitutions. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.)  A meritorious equal protection claim requires a showing that (1) the state has adopted a classification that treats two or more similarly situated groups in an unequal manner, and (2) the classification does not bear a rational relationship to a legitimate state purpose when, as in this case, the classification is not based on race, gender, or some other criteria calling for heightened scrutiny. (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199-1201; *People v. Moreno* (2014) 231

---

[8]  Section 786 also authorizes but does not require the court, "in making its order to seal the record and dismiss the instant petition" under section 786, "to seal a record relating to, or to dismiss, any prior petition or petitions that have been filed or sustained against the individual and that appear to the satisfaction of the court to meet the sealing and dismissal criteria otherwise described in [section 786]."  (§ 786, subd. (f)(1).)  O.C.'s case is not governed by subdivision (f)(1) of section 786 because it does not involve sealing records related to a prior petition, without an order concerning an "instant" petition.

Section 786 also requires the court to seal the records of persons whose petitions were dismissed under section 782 or that were not sustained following an adjudication hearing.  (§ 786, subd. (e); see *In re W.R.* (2018) 22 Cal.App.5th 284, 290-291.)  Such persons are not required to wait until they reach age 18 to petition to seal their records under section 781; they are entitled to have their records automatically sealed under section 786.  (See *In re W.R.*, *supra*, at p. 291.)  Section 786, subdivision (e), does not apply to O.C.'s case because her juvenile court petition was not dismissed under section 782, either after subdivision (e) was added to section 786 effective January 1, 2017 (Stats. 2016, ch. 86, § 312) or after subdivision (e) was amended effective January 1, 2018 (Stats. 2017, ch. 685, § 1.5).  (See *In re W.R.*, *supra*, at pp. 290-291 & fn. 4.)

21

Cal.App.4th 934, 939.) "Under the equal protection clause, we do not inquire 'whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."' [Citation.]" (*People v. Hofsheier*, *supra*, at pp. 1199-1200.) And, under rational relationship scrutiny, the claim fails if there are "'plausible reasons'" for the classification. (*Id.* at p. 1201.)

O.C. argues that, if section 786 does not apply retroactively, but only applies prospectively, as we have concluded, then it treats two groups of persons unequally: (1) persons whose juvenile court petitions were dismissed prior to January 1, 2015, and (2) persons whose juvenile court petitions were dismissed after January 1, 2015, when section 786 went into effect. She also claims there is no rational basis for treating these two groups of persons unequally. We disagree on both counts.

First, members of the two groups are not similarly situated with respect to section 786. Members of the second group—persons whose juvenile court petitions were dismissed after section 786 went into effect on January 1, 2015—are entitled to have their juvenile court records, as specified in section 786, automatically sealed under section 786, if they have satisfactorily completed their juvenile court supervision or probation after January 1, 2015, if they have not been convicted of a felony or a misdemeanor involving moral turpitude during the period of their juvenile court supervision or probation, and if they have not failed to substantially comply with the reasonable orders of supervision or probation that are within their capacity to perform. (§§ 782, 786, subds. (a), (c), (e).) Members of the first group—persons whose juvenile court petitions were

22

dismissed before section 786 went into effect on January 1, 2015—include persons not entitled to have their records automatically and immediately sealed under 786, but who are instead required to petition to seal their records under section 781. Such persons are not similarly situated to members of the second group, for purposes of section 786. Unlike members of the second group, such persons have not completed a period of juvenile court supervision or probation after January 1, 2015. Rather, a period of time— in some cases years—has elapsed since the juvenile court's jurisdiction over such persons was terminated. This distinction renders the two groups of persons not similarly situated for purposes of section 786.

There is also a legitimate state purpose for treating the two groups unequally, by requiring members of the first group to petition to seal their records under section 781. Unlike members of the second group, who are entitled to have their records automatically and immediately sealed upon their satisfactory completion of juvenile court supervision or probation, members of the first group may have been convicted of a felony or a misdemeanor involving moral turpitude, and may not have otherwise attained rehabilitation to the satisfaction of the court, since the juvenile court's jurisdiction over them was terminated. (See § 781, subd. (a)(1)(A).) Limiting automatic sealing under section 786 to persons who have satisfactorily completed their juvenile court supervision or probation after January 1, 2015, and requiring other persons to show that they meet section 781's sealing requirements, is rational because it ensures that no person's records will be sealed unless they have recently obeyed the law and have complied with their

23

obligations under their current juvenile court petitions. As the People point out, "no matter the group, those who can obey the law are entitled to sealing."

## IV. DISPOSITION

The June 18, 2018, order denying O.C.'s petition to seal her juvenile court records and related records in the custody of law enforcement and other agencies is affirmed.

CERTIFIED FOR PUBLICATION

FIELDS
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.