Filed 7/27/21  In re R.R. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| IN RE R.R., a Person Coming Under the Juvenile Court Law. _____ THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff and Respondent, v. R.R., Defendant and Appellant. | 2d Juv. No. B308003 (Super. Ct. No. J206614) (Los Angeles County) |

R.R. appeals the juvenile court's order denying his petition to seal his juvenile records under Welfare and Institutions Code[1] section 781.  Appellant contends the matter must be remanded

_____

[1] All undesignated statutory references are to the Welfare and Institutions Code.

for the court to determine whether his juvenile records must be automatically sealed under section 786. We affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant was born in 1967. In March 2020, he filed a petition to seal his juvenile records under section 781.[2] The petition referenced 25 violations for which appellant was arrested from 1976 to 1982. The probation department opposed the petition on the ground that appellant had suffered numerous adult felony convictions, including 1998 convictions for carjacking (Pen. Code, § 215, subd. (a)) and escape (*id.*, § 4532, subd. (b)(1)), for which he was sentenced to 69 years to life in state prison. The court denied the petition, and appellant timely appealed.

## DISCUSSION

---

[2] Section 781, subdivision (a)(1)(A) provides in pertinent part: "If a petition has been filed with a juvenile court to commence proceedings to adjudge a person a ward of the court, . . . the person or the county probation officer may, five years or more after the jurisdiction of the juvenile court has terminated as to the person, . . . petition the court for sealing of the records . . . relating to the person's case, in the custody of the juvenile court and probation officer and any other agencies, including law enforcement agencies, entities, and public officials as the petitioner alleges, in the petition, to have custody of the records. . . . If, after hearing, the court finds that since the termination of jurisdiction or action pursuant to Section 626, as the case may be, the person has not been convicted of a felony or of any misdemeanor involving moral turpitude and that rehabilitation has been attained to the satisfaction of the court, it shall order all records, papers, and exhibits in the person's case in the custody of the juvenile court sealed, including the juvenile court record, minute book entries, and entries on dockets, and any other records relating to the case in the custody of the other agencies, entities, and officials as are named in the order."

In his opening brief, appellant concedes that the juvenile court correctly denied his petition to seal his juvenile records under section 781 due to his adult felony convictions. He claims, however, that the matter must be remanded for the court to determine whether he is entitled to have his juvenile records automatically sealed under section 786, which went into effect on January 1, 2015.[3] This claim was not raised below, so it is forfeited. (See *In re I.F.* (2017) 13 Cal.App.5th 679, 687 (*I.F.*).)

In any event, appellant is not entitled to have his records sealed under section 786 because the statute only applies prospectively. "The words of section 786 are plain and unambiguous, and nothing in them indicates that the Legislature intended section 786 to apply retroactively to persons who satisfactorily completed their supervision or probation before section 786 went into effect on January 1, 2015." (*In re O.C.* (2019) 40 Cal.App.5th 1196, 1206 (*O.C.*); compare *I.F.*, *supra*, 13 Cal.App.5th at pp. 686-687 [recognizing that section 786 applied prospectively to a petition to seal juvenile records that was pending when section 786 went into effect].)

In arguing otherwise, appellant misplaces his reliance on *I.F.* As we have noted, the issue in that case was whether section 786 applied prospectively to a sealing petition that was pending

_____

[3] Section 786, subdivision (a) states: "If a person who has been alleged or found to be a ward of the juvenile court satisfactorily completes (1) an informal program of supervision pursuant to Section 654.2, (2) probation under Section 725, or (3) a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice."

when section 786 went into effect. The defendant in *I.F.* turned 18 in November 2014. In December 2014, the juvenile court found that the defendant had successfully completed probation and accordingly dismissed the probation order and terminated jurisdiction. The defendant then filed a petition to seal the records of his delinquency petition under section 781, subdivision (a). The petition was not adjudicated, however, until October 2015. (*I.F.*, *supra*, 13 Cal.App.5th at pp. 682-683.) Here, appellant purports to invoke section 786 to obtain the automatic sealing of juvenile records almost 30 years after the juvenile court terminated jurisdiction over him.

To the extent certain language in *I.F.* suggests that section 786 applies to all sealing petitions adjudicated after the statute's effective date, we agree with the court in *O.C.* that this language "sweeps too broadly. Section 781, not section 786, must be interpreted as applying to persons who completed their juvenile court supervision or probation before January 1, 2015, and who, at some later date, petition to seal their juvenile court records. Section 786 was not designed to deal with such sealing petitions. Indeed, persons whose petitions and records are required to be automatically dismissed and sealed under section 786 have *only recently* 'satisfactorily completed' their juvenile court supervision probation [citation], and in such cases, there is no need for the court to determine or investigate whether the person *also* met section 781's sealing requirements." (*O.C.*, *supra*, 40 Cal.App.5th at p. 1209.) In cases such as this one, where "years . . . [have] lapsed since the person completed their juvenile court supervision or probation and the . . . court's jurisdiction over the person was terminated[,] . . . an investigation is needed to determine whether the person has since suffered a felony

4

conviction or a misdemeanor conviction involving moral turpitude, or whether the person has since failed to attain rehabilitation to the satisfaction of the court.  [Citation.] Allowing persons who cannot meet section 781's sealing requirements to seal their records under section 786 would allow such persons to escape section 781's sealing requirements.  Such an approach would render section 781 of no effect and would give such persons a benefit that neither sections 781 nor 786 contemplates."  (*Id.* at pp. 1209-1210.)

## DISPOSITION

The order denying appellant's motion to seal his juvenile records under section 781 is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


YEGAN, A.P.J.


TANGEMAN, J.

5

Geanene M. Yriarte, Judge
Superior Court County of Los Angeles

_____

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.